IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18-CR-259 |
| vs. | |
| ANDREW HIYKEL, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has filed a motion for variance (filing 32) and objected to the RPSR (filing 31).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the RPSR's four-level enhancement for possessing a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). Specifically, the defendant claims there is no evidence that the defendant's possession of the firearm actually facilitated his possession of the controlled substances. Filing 33 at 4. Thus, the defendant argues, his total offense level should be 11. The RPSR, however, concludes that the defendant's total offense level is 15. RPSR at 6.

Section 2K2.1(b)(6)(B) increases a defendant's base offense level if the defendant "[u]sed or possessed any firearm or ammunition in connection with another felony offense." But there is a distinction between the factual circumstances when the other felony was a drug trafficking offense, or alternatively, a simple drug possession

offense. *United States v. Johnson*, 846 F.3d 1249, 1250 (8th Cir. 2017). If the felony is for drug trafficking, Application Note 14(B) mandates application of the adjustment if guns and drugs are in the same location. *Johnson*, 846 F.3d at 1250. If the underlying drug offense is for simple possession, on the other hand, the Court may only apply the adjustment after making a finding that the firearm *facilitated* the drug offense. *Id*. The Court may not apply the enhancement based "solely on a temporal and spatial nexus between the drugs and firearms." *Id*. at 1251.

When the defendant objects to any of the factual allegations contained therein on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will determine on the evidence presented at sentencing whether the government has shown that the defendant's use of possession of the firearm facilitated his drug offense.

The defendant has also filed a motion for variance (filing 3) asking the Court to vary from the Guidelines range based on his personal circumstances and the § 3553(a) factors. *See* filing 31 at 1. The Court will resolve that motion at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that

the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge